UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

In re:                                               :
                                                     :
MARCIA CAMPBELL, f/k/a Marcia Gentles,               :
                                                     :
            Debtor.                                  :
                                                     :
————————————————————————             :
                                                     :
3939 WPR FUNDING LLC,                                :            **OPINION AND ORDER**
                                                     :
            Appellant,                               :            15 Civ. 665 (ER)
                                                     :
      v.                                             :
                                                     :
MARCIA CAMPBELL, f/k/a Marcia Gentles,               :
                                                     :
            Appellee.                                :
————————————————————————x

Ramos, D.J.:

      3939 WPR Funding LLC ("WPR Funding" or "Appellant") appeals from two orders of

the United States Bankruptcy Court for the Southern District of New York:  (1) an order entered

on July 29, 2014, denying Appellant's claim for pre-petition default interest on the underlying

mortgage and note (the "July 2014 Order"), A-333 to A-346[1]; and (2) an order entered on

January 9, 2015, denying reconsideration of the July 2014 Order (the "January 2015 Order").  A-

408 to A-414.  The Bankruptcy Court denied Appellant's claim for pre-petition default interest

principally on the ground that Appellant failed to establish that it had affirmatively notified

Marcia Campbell ("Campbell" or "Debtor") of its intention to accelerate the note and charge

default interest, a condition the Bankruptcy Court determined was required under the loan

documents.  In its motion for reconsideration, Appellant asked the Bankruptcy Court to receive

---

[1] References to "Doc." relate to documents filed in the instant appeal.  References to "A-___" relate to the
pagination of the Appendix filed by Appellant in the instant appeal, Doc. 5.

into the record a notice of default and acceleration that was purportedly mailed to the Debtor (the "Default Letter") well-prior to the time she filed for bankruptcy—which Default Letter Appellant concedes it had not previously placed in the record as part of its Proof of Claim.  The Bankruptcy Court denied reconsideration.  For the reasons set forth below, both Orders are AFFIRMED.[2]

## I.      Background

Campbell is the owner of a commercial, mixed-used property in the Bronx (the "Property").  A-003.  On April 13, 2005, she executed a mortgage and note secured by the Property in the amount of $400,000 with Flushing Savings Bank.  *Id.*  Campbell allegedly defaulted on the mortgage by failing to make the monthly payments due beginning on October 1, 2012 and every month thereafter."  *Id.*  As a result of the default, Flushing Savings Bank commenced a foreclosure action on February 6, 2013, in Supreme Court, Bronx County. Approximately two months later, on April 19, 2013, Flushing Savings assigned its interest in the note and mortgage to Hayden Asset IX, LLC.  A-266 to A-286.  Hayden Asset, in turn, assigned its rights in the note and mortgage to Appellant on October 9, 2013, thus making Appellant the holder of a first priority lien on the Property.  A-199 to A-209.  On December 8, 2013, Campbell filed a petition under chapter 13 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York, effectively staying the foreclosure action in Bronx Supreme Court.  A-333.

---

[2] As a preliminary, technical matter, WPR Funding appears only to have appealed the January 2015 Order denying reconsideration.  *See* Doc. 1 ("WPR Funding . . . hereby appeals under 28 U.S.C. § 158(a) from that final order entered in this case . . . on January 9, 2015 . . . entitled 'Order Denying Motion for Reconsideration and So Ordering Decision Dated July 2014' . . . which so ordered a decision entered July 29, 2014 by this Court at Docket No. 51.").  However, since its brief clearly evinces an intent to appeal the reasoning of both Orders, *see* Doc. 6, and because Campbell is not prejudiced by this Opinion, the Court will excuse this apparent oversight.

On February 5, 2014, Appellant filed a Proof of Claim in the bankruptcy proceeding based on the note and mortgage.  *See* Proof of Claim, A-001 to A-117.  As relevant to the instant appeal, as part of its Proof of Claim, Appellant sought, in addition to other fees and penalties, pre-petition default interest in the amount of $79,009.70.  A-114.  That amount was calculated by applying the default interest rate provided in paragraph 7.2 of the mortgage, 24% (or 18.625% in excess of the 5.375% contract rate), to the principal balance of the mortgage at the time of default ($351,888.42), from the date of default to the date of the filing of the bankruptcy petition (October 1, 2012 to December 8, 2013).  A-024.

The initial confirmation hearing on Campbell's petition was held on May 1, 2014 before United States Bankruptcy Judge Allan L. Gropper (the "May 2014 Hearing").  *See* Transcript of Hearing, A-118 to A-131.  At that hearing, counsel for Campbell specifically stated that the she was disputing the approximately $79,000 in pre-petition default interest being claimed by Appellant.  A-123.  The court, in turn, advised the parties that he had "written on default interest, you can take a look[,]" but that he did not know whether his prior opinion(s) would be applicable to the instant case.  A-124.

On May 16, 2014, Campbell filed her formal Objection to Appellant's Proof of Claim. A-137 to A-167.  In the Objection, Campbell argued that the claim for default interest should be expunged because at 24%, it was usurious, or that it should be disallowed for a host of equitable considerations.[3]  A-140.  Campbell also specifically relied on two prior decisions issued by Judge Gropper discussing default interest, which, as Appellant points out, were cited incompletely in her Objection:  "This court has rendered two decisions on default interest one of

---

[3] Specifically, Campbell argued that granting default interest would prejudice unsecured creditors, and that it was: excessive; not equivalent to actual damages; and, when combined with other penalties and fees in the Proof of Claim, exceeded the New York usury rate.  A-140.

which finds that default interest was allowable and one where it was denied.  *In re:  General Growth Properties, Inc.* Bankr. S.D.N.Y. 2011 [sic]) (case no. 09-11977 [sic]; and *In re: Northwest Airlines Corporation* (Bankr. S.D.N.Y. 2007) (case no. 05-17930)."  *Id.*  Finally, Campbell objected on the basis that she had not receive notice of acceleration from Appellant or its predecessors in interest:

> "16.  It is currently unclear from the documentation as to whether the notice for acceleration was properly given.  Under *Northwest Airlines Corporation*, failure to provide the proper notification could result in the default interest being expunged. Debtor asserts that she is not aware of receiving notification of application of the default rate or acceleration of the promissory note."

A-141.

On June 10, 2014, Appellant filed its Response to Campbell's Objection.  A-168 to A-294.  In its Response, Appellant argued generally that the default interest rate provided in the mortgage was valid and enforceable under the bankruptcy statutes and as a matter of New York State contracts law, and was not otherwise usurious.  A-173 to A-175.  In responding to Campbell's notice argument, Appellant simply stated:  "the Debtor waived notice of payment and there is no provision requiring WPR to provide notice of default."  A-175.  Appellant did not argue that notice had in fact been given, either by letter or in any other fashion, or attempt to introduce evidence of any such notice.

A subsequent hearing was held in Bankruptcy Court the following week, on June 17, 2014.  *See* Transcript of Hearing ("the June 2014 Hearing"), A-295 to A-332.  As counsel for Campbell made clear at the hearing, Appellant's claim for default interest was proving to be an impediment to settlement because Campbell ultimately wanted to pay the arrearage and keep the Property, but apparently would not be able to do so if she also had to pay default interest.  A-300. Judge Gropper again referred to his "decisions on the issue" and noted that the bankruptcy

courts' power is significantly less when it comes to pre-petition default interest than post-petition default interest: "For pre[-]petition we ordinarily have to follow state law . . . and in order to avoid paying default interest under state law you have to make a very, very strong showing." A-301. The parties then agreed with the judge that, due to the importance of the default interest issue to the resolution of Campbell's petition, and the fact that there was no dispute as to the facts, Judge Gropper would decide that issue first before turning to other matters raised by Campbell's petition:

> "Court: Okay. So . . . are the parties in agreement that the issues relating to the default interest rate are primarily—expect [sic] for attorneys' fees, which are a question of reasonableness, questions of law and I will decide those on the record.
>
> [Counsel for Campbell]: Yes, Your Honor.
>
> [Counsel for Appellant]: I think that's correct, Your Honor, I don't believe there's any factual issues regarding - -"

A-303.

After additional colloquy concerning attorneys' fees, the Court turned back to the issue of default interest:

> Court: Well other issues may come up in regard to the plan and the like, but we—the issues regarding the first mortgage in any case are issues of law, which I will get an order on as soon as I can.
>
> [Counsel for Appellant]: Okay . . .[.]

A-305.

Prior to concluding the hearing, Judge Gropper and the parties discussed the need to resolve the threshold legal issue of the applicability of default interest three additional times, and Appellant, at the very least, acquiesced in the view that the Court could decide the issue on the basis of the record before it. *See*, Transcript A-315 ("I have enough before me to decide the issues relating to the first mortgagee. I'll decide those issues first and give you a chance then to

think about your options as a matter of practicality. . ."); *id.* at A-317 (Court: "I'll get out an order on default interest and then we'll—I'll set another hearing date.  Does that make sense? [Counsel for Appellant]:  Yes, Your Honor."); *id.* at A-322 to A-323 ("The other thing that– again, this is a Chapter 13, we've gotten very far into litigation, which is fine, that's the parties' right, but I don't know if there's a better way to resolve things in this case, and maybe I need to get out a decision on default interest and see where we are.")

On July 29, 2014, the bankruptcy court issued its decision on the issue of default interest. *See* July 2014 Order, A-333 to A-346.  In the Order, the Bankruptcy Court first noted that under New York law, pre-petition default interest was available, even at a rate of 24%, if the operative documents provided for such interest.  A-337 ("There is no reason to believe the default interest provided in . . . the WPR [Funding] . . . instruments would be void under New York Law.")  The bankruptcy court then found that Appellant's note and mortgage adequately provided for default interest, but that the note was "very clear that default interest is only payable on demand."  A-337 to A-338.   Finally, the court concluded that there was no evidence in the record that notice of acceleration of Appellant's debt had been provided to Campbell.  A-338 ("[Appellant] in fact has never placed in the record a notice of default or notice of acceleration.")  On the basis of the foregoing, the bankruptcy court determined that because "the record [was] insufficient to establish that [Appellant] or any of its predecessors accelerated the Mortgage," Appellant was not entitled to default interest.  A-341.

Appellant timely moved for reconsideration of the July 2014 Order on August 8, 2014, *see* A-349 to A-381, but only to the extent of requesting that the court consider evidence that the Default Letter had in fact been mailed to Campbell by certified and regular mail on January 25, 2013.  A-350.  In its motion for reconsideration, Appellant made two concessions that are

particularly relevant:  (1) that it "believed that the underlying documents allowed the charging of default interest even without notice of default"; and (2) that the Default Letter was not part of the original record.  A-354 and A-352, respectively.  Appellant argued that denial of its motion for reconsideration would result in manifest injustice.

In its January 2015 Order, the bankruptcy court denied reconsideration.  Specifically, the court found that Appellant was actually put on notice that Campbell was contesting pre-petition acceleration by Campbell's submission, in which she cited Judge Gropper's *Northwest Airlines Corp.* decision dealing with the very issue.  A-412 to A-413.  Moreover, the court found that Appellant had "every opportunity place all the facts in the record prior to or during the [July 17, 2014] Hearing . . . as the Court made several statements concerning its intention to rule on the existing record, to which the parties did not object."  A-412.

The instant appeal followed.[4]

## II.    Discussion

### A.  Standard of Review of Bankruptcy Court Judgments

This Court has jurisdiction to hear appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in relevant part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and,] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy

---

[4] This appeal is unopposed.  Campbell's responsive brief was due by March 16, 2015.  No brief was filed by that date nor did Campbell request an extension of that deadline.  By letter dated July 2, 2015, counsel for Appellant informed this Court that at a June 4, 2015 hearing before the bankruptcy court, counsel for Campbell had represented to the court that Campbell had "opted not to answer" the appeal.  (Appellant's counsel's letter was provided to the Court via hand delivery, not ECF.  The Court placed the letter on ECF on September 23, 2015.  *See* Doc. 16.)  By letter also dated July 2, 2015, counsel for Campbell requested leave to file a late reply brief.  Doc. 11. Appellant objected to the request, Doc. 13, and the Court denied Campbell leave to file a late brief.  *See* ECF Docket Entry 15.

judges."  28 U.S.C. § 158(a)(1), (3).  A district court generally reviews the findings of fact of a

bankruptcy court under a "clearly erroneous" standard, *see* Fed. R. Bankr. P. 8013, but

conclusions of law are reviewed *de novo*.  *See, e.g.*, *Shugrue v. Air Line Pilots Ass'n, Int'l (In re*

*Ionosphere Clubs, Inc.)*, 922 F.2d 984, 988-89 (2d Cir. 1990); *Nova v. Premier Operations, Ltd.*

*(In re Premier Operations),* 294 B.R. 213, 217 (S.D.N.Y. 2003).

In reviewing a decision of a bankruptcy court, the district court "may affirm on any

ground that finds support in the record, and need not limit its review to the bases raised or relied

upon in the decision[ ] below."  *Freeman v. Journal Register Co*., 452 B.R. 367, 369

(S.D.N.Y.2010).  But the district court may not consider evidence outside the record.  *See In re*

*Bear Stearns High–Grade Structured Credit Strategies Master Fund, Ltd*., 389 B.R. 325, 339

(S.D.N.Y.2008).  Any arguments not raised in the bankruptcy court are considered waived;

unless such a waiver results in manifest injustice, the new arguments will not be considered on

appeal.  *See In re Lionel Corp*., 29 F.3d 88, 92 (2d Cir.1994); *see also*, *e.g*., *In re Barquet Grp.,*

*Inc.*, 486 B.R. 68, 73 n. 3 (S.D.N.Y.2012) (citing *Midland Cogeneration Venture Ltd. P'ship v.*

*Enron Corp*., 419 F.3d 115, 126 (2d Cir.2005)).

### B.  The Bankruptcy Court Did Not Err in Reaching the Issue of Notice

Appellant argues that, for any number of reasons, the bankruptcy court should never even

have reached the issue of whether Appellant was required to give Campbell notice of its intent to

accelerate the loan.  Each of Appellant's proffered rationales is patently without merit.  First,

Appellant asserts that the bankruptcy court was wrong to have "reviewed the [l]oan [d]ocuments

*sua sponte* and determined that acceleration was mandatory."  Br. at 30.  This remarkable

assertion is illogical and contrary to the record.  As noted above, at the July 17 Hearing, which

was held one week after Campbell had filed her Objection, the parties acknowledged that default

interest was the most pressing issue preventing resolution of Campbell's petition because of Campbell's stated desire to retain ownership of the property. In reliance on counsel's stated concerns, the bankruptcy court resolved to decide the issue as soon as possible so that the parties could then reconsider the "practicality" of their respective positions. *See* A-305, A-317; *see also*, January 2015 Order, A-409 ("The Court determined that because the creditors' entitlement to default interest was a central issue in all of the motions and objections, it would address that issue first and leave other matters that required further evidentiary support for further hearing"); *id.* ("The Court considered a determination of the default interest issue to be crucial to affording the parties an opportunity to review their options 'in terms of practicality.'") Indeed, Judge Gropper issued his decision, denying default interest, just twelve days after the July 17 Hearing, on July 29, 2014.

Moreover, contrary to its protestations, Appellant was absolutely put on notice that the bankruptcy court would be relying on the entirety of the record before it, including the note and mortgage. As noted above, the issue was discussed at various points during the July 17 Hearing. *See also* January 2015 Order, A-409 ("The Court specifically stated on the record of the [July 17] Hearing that it would decide the open question on the record before it. The parties did not take exception to the Court's statement to that effect.") If the bankruptcy court was not permitted to review the very loan documents that Appellant insisted established its entitlement to default interest, it is difficult to understand how exactly Appellant believed the court would resolve the issue.

In addition, Appellant makes various references in its brief to the fact that it believed that the bankruptcy court would be applying a "summary judgment standard." *See* Brief for Appellant ("Br."), Doc. 6, 9 ("WPR understood 'primarily questions of law' to be a summary

judgment standard[.]"); Br. 15 ("The Court did not consider that a ruling as a matter of law implied a summary judgment standard that would not be determined before the issuance of the July 29 Decision."); Br. 17 ("at the June 17th Hearing, the Bankruptcy Court stated it would rule primarily as a matter of law and it was fair for the parties to understand this to mean the Court would use a summary judgment standard.")  A summary judgement motion, by its nature, is addressed to the entirety of admissible evidence in the record.  *See* Fed. R. Civ. P. 56(c) (summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law").[5] Thus, even by Appellant's reckoning, the bankruptcy court could rely on the loan documents.

Second, Appellant argues that because there were no objections to its Proof of Claim, it was presumptively valid and default interest should have been allowed.  *See* Br. 18.  While it is certainly true that pursuant to Federal Rule of Bankruptcy Procedure 3001(f), "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim, Fed. R. Bankr. Pro. 3001(f), Appellant is wrong to suggest that it "was not objected to on the basis of any evidence whatsoever." Br. at 18.  In fact, the issue was specifically raised by Campbell's counsel at the *very first* hearing before the bankruptcy court on May 1, 2014.  At that time, counsel stated "We also dispute the default interest rate, which

---

[5] Appellant's argument concerning "summary judgment standard" is difficult to decipher.  To the extent Appellant is arguing that the bankruptcy court should not have decided the issue because the factual record evinced a "dispute" concerning notice of acceleration, *see* Br. 17, then Appellant fundamentally misapprehends the bankruptcy court's opinion.  The bankruptcy court did not find that there was a genuine issue of material "fact" because the parties had given their assurances that the court could decide the issue on the basis of the record before it.  Instead, the "dispute" addressed by the court concerned the purely legal issue of whether the loan documents allowed for default interest, and if so, whether those documents required that notice of acceleration be given to Campbell.  The court answered both questions in the affirmative and found no evidence that notice had in fact been given.

they're claiming is 18.625 percent . . . [.]"  A-123.  The court then invited the lawyers to look at

his prior opinion(s) on the issue.  Id. at A-124 ("I have written on default interest, you can take a

look.")   In addition, the request for pre-petition default interest was specifically objected to in

Campbell's Objection to the Proof of Claim.  The Objection stated:  "*Debtor asserts that she is

not aware of receiving notification of application of the default rate or acceleration of the

promissory note.*"  A-141 (emphasis added).  The foregoing language makes abundantly clear

that Campbell was challenging the adequacy of notice of acceleration.

Third, Appellant suggests that Campbell's objection concerning lack of notice was

somehow not sufficient; that she should have come forward with evidence that she did not

receive the Default Letter.  *See* Br. at 19-20.  Even assuming, arguendo, that Campbell should

have done more than object to the lack of notice in her formal Objection—as she indisputably

did—this argument has been waived because Appellant did not raise it before the bankruptcy

court.  *See In re Lionel Corp.*, 29 F.3d at 92.  Campbell's counsel objected to the claim for

default interest both in open court and in her Objection.  Thus, the Court finds that Appellant was

on notice of the facts concerning the purported insufficiency of Campbell's objection.  Yet,

Appellant's only response to that precise objection was that the loan documents contained "no

provision requiring WPR [Funding] to provide notice of default."  A-175.  Appellant, having

chosen before the bankruptcy court to rely on the theory that the loan documents did not require

notice, is not free to change that strategy on appeal.

Fourth, and similarly unavailing, is Appellant's argument that it was not made aware of

the specific legal basis for Campbell's objection because she only provided a partial citation to *In

re Northwest Airlines Corp.*, No. 05-17930, 2007 WL 3376895 (Bankr. S.D.N.Y. 2007), the case

on which she relied.  This argument borders on the absurd.  In the first instance, the bankruptcy

judge made specific mention at both the May 1 and July 17 Hearings of the fact that he had

written on the very issue of default interest and invited counsel to "take a look" at his decision(s).

A-124.  Counsel would have done well to heed that advice, if for no other reason than Judge

Gropper suggested that his opinion was likely favorable to appellant.  See A-301 ("in order to

avoid paying pre-petition interest under state law you have to make a very, very strong

showing").  Secondly, while the Debtor certainly cited the case incompletely, *see* A-140 (citing

the case thusly:  "*In re:  Northwest Airlines Corporation* (Bankr. S.D.N.Y. 2007) (case no. 05-

17930)"), the Objection noted that it was written by Judge Gropper[6] and the citation provided

sufficient information to allow a reasonably competent attorney to find a decision in that

*particular* case, written by Judge Gropper, addressing the *particular* issue of notice of

acceleration.  The suggestion that counsel could not be expected to find the text of that case

when armed with that information, including the docket number of the case, is indefensible.[7]

Thus, Appellant's lament that Debtor's citation was not "meaningful" or "clearly cited," or was

otherwise "incomplete," rings decidedly hollow.  Br. 30-31.

     Finally, the balance of Appellant's arguments concerning the June 29 Order, namely, that

the foreclosure complaint provided adequate notice, is deemed waived because Appellant never

made that argument to the bankruptcy court.[8]  *See In re Lionel Corp.*, 29 F.3d 88, 92 (2d

---

[6] *See* Objection at A-140 (noting that "[t]his court," referring to Judge Gropper, "has rendered at least two decisions on default interest . . ." and then citing to *In re: Northwest Airlines Corp.*).  In any event, the docket number of the case, which was accurately cited, would have made clear that Judge Gropper was the presiding judge.

[7] After apparently having researched the docket of *In re: Northwest Airlines*, Appellant notes that the bankruptcy court issued six decisions in the case in 2007, and suggests that it would have been unreasonable require Appellant to have figured out which decision Campbell was referring to.  Given that Appellant was aware that the bankruptcy court was *only* considering the issue of acceleration and default interest at that time, this suggestion is incredible.

[8] Appellant does not appear to take issue with the bankruptcy court's determination that the loan documents do require that notice of acceleration be provided, but rather argues that the court should not have made that argument for Campbell.  *See* Br. 30-33.  However, to the extent that Appellant does challenge that determination, the decision of the bankruptcy court is affirmed.  Specifically, the bankruptcy court correctly determined that the language of the

Cir.1994); *see also, e.g., In re Barquet Grp., Inc.*, 486 B.R. 68, 73 n. 3 (S.D.N.Y.2012) (citing *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp.*, 419 F.3d 115, 126 (2d Cir.2005)). As noted, Appellant never engaged the issue of notice—except to declare that no notice was required—despite having been made aware of the issue in Campbell's Objection and during the May 1 and June 17, 2014 Hearings.

### C.  The Bankruptcy Court Properly Denied the Motion for Reconsideration

Appellant moved for reconsideration of the July 2014 Order pursuant to Federal Rule of Bankruptcy Procedure 9023 and Local Bankruptcy Rule 9023-1.  The only remedy sought by Appellant was the opportunity to supplement the record with the Default Letter in order to prove that notice of acceleration had in fact been given.  The bankruptcy court denied the motion, and was well within its rights to do so.

The standard applicable to motions for reargument is identical to that applicable to motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).  *In re Bressler*, No. 06–11897(AJG), 2007 WL 98493, at *1 (Bankr. S.D.N.Y. Jan. 12, 2007) (citing *In re Houbigant, Inc.*, 190 B.R. 185, 187 (Bankr.S.D.N.Y.1996).  "The movant must show that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." *In re Asia Global Crossing, Ltd.*, 332 B.R. 520, 524 (Bankr. S.D.N.Y.2005); *see also Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y.1988) ("The only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked

---

mortgage made clear that acceleration was optional.  *See* A-032, mortgage ¶ 32 ("The Debt shall become due, *at the option of the Mortgagee*, upon the occurrence of any of the following events[.]") (emphasis added).  Accordingly, notice to the mortgagor was necessary.  *See Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 982, 943 N.Y.S.2d 540, 542 (2d Dept. 2012) ("Where the acceleration of the maturity of a mortgage debt on default is made optional with the holder of the note and mortgage, some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision[.]")

matters or controlling decisions which, had they been considered, might reasonably have altered the result reached by the court." (internal quotation marks omitted)). A motion for reargument "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite of the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998) (discussing Rule 59). Parties cannot use a motion for reargument to advance new facts or arguments and may not submit affidavits or new material. *Asia Global Crossing*, 332 B.R. at 524. "The standard for granting motions to reargue is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court." *Adams*, 686 F. Supp. at 418 (internal quotation marks omitted).

A motion for reconsideration "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir.2004) (citation omitted). "A motion for reconsideration should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tru*st, 729 F.3d 99, 104 (2d Cir.2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir.1992)).

A court's denial a motion for reconsideration is reviewed for abuse of discretion. *Ayazi v. United Fed'n of Teachers Local 2*, 487 F. App'x 680, 681 (2d Cir.2012). "A court abuses its discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within a range of permissible decisions." *Padilla v. Maersk Line, Ltd*., 721 F.3d 77, 83 (2d Cir.2013), quoting *Johnson ex rel. United States v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir.2011). Here, Appellant is only moving on the basis that reconsideration is necessary to prevent manifest injustice. However, as the bankruptcy court

14

aptly noted, Appellant is simply attempting to "plug the gap" in its argument below.  *See* A-412

(quoting *In re: Indu Craft Inc.*, No. 97-44958, 2011 WL 2619501, at *2 (Bankr. S.D.N.Y. 2011).

Appellant was on notice of issue surrounding pre-petition acceleration and had "every

opportunity to place all of the facts in the record prior to or during the [July 17] Hearing, or to

request such an opportunity at the Hearing." A-412.  In addition, Appellant conceded in its

motion for reconsideration that it did not believe notice was required and thus it presented no

evidence of notice prior to the issuance of the July 2014 Order.  A-354.  No manifest injustice

can result from Appellant's chosen strategy of relying on its theory that notice of acceleration

was not required.  Accordingly, the bankruptcy court's decision was within the range of

permissible decisions and must be affirmed.

**III.    Conclusion**

For the reasons set forth above, the Bankruptcy Court's July 29, 2014 and January 9,

2015 Orders are AFFIRMED.  The Clerk of the Court is respectfully directed to docket this

decision and close the case.

It is SO ORDERED.

Dated:      September 28, 2015
            New York, New York

Edgardo Ramos, U.S.D.J.